No Fee IFP            1535

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RECEIVED**

NOV 1 3 2008

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Name and address of Plaintiff:
MR. ROBERT E. IVORY JR. #EW-6237
50 OVERLOOK DRIVE SCI-FAYETTE
LABELLE, PA. 15450-0999
"PRO SE"

v.

**08.1572**

Full name, title, and business address
of each defendant in this action:
1 UNIT MGR. TAMMY CESARINO-MARTIN
50 OVERLOOK DRIVE, SCI-FAYETTE
LABELLE, PA. 15450-0999

3 CORRECTIONAL OFFICER RYAN
50 OVERLOOK DRIVE, SCI-FAYETTE
LABELLE, PA. 15450-0999

2 SGT. SCHAFFER
50 OVERLOOK DRIVE SCI-FAYETTE
LABELLE, PA. 15450-0999

Use additional sheets, if necessary
Number each defendant.

Plaintiff brings this action against the above named and identified defendants on the following cause of action: (REFER TO PAGE 1 ATTACHED)

I. Where are you now confined? SCI-FAYETTE

What sentence are you serving? 8 to 20 years

What court imposed the sentence? HON. WILLIAM PLATT
LEHIGH COUNTY DISTRICT COURT
ALLENTOWN, PA. 18102

II. Previous Lawsuits (PAGE 2 ATTACHED)

A. Describe any and all lawsuits in which you are a plaintiff which deal with the same facts involved in this action. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs _____ NONE _____

Defendants _____ NONE _____

2. Court (if federal court, name the district; if state court, name the county) and docket number

In The United States District Court
For the Western District of Pennsylvania

Plaintiff "Pro Se":
Robert E. Ivory # EW-6237
50 Overlook Drive
SCI-Fayette LaBelle, PA.
15450-0999

vs.

Defendants:
1. Unit Manager Tammy Cesarino-Martin
50 Overlook Drive
SCI-Fayette LaBelle, PA.
15450-0999

2. Sgt. Schaffer
50 Overlook Drive
SCI-Fayette LaBelle, PA.
15450-0999

3. Correctional Officer Ryan
50 Overlook Drive
SCI-Fayette LaBelle, PA.
15450-0999

## JURISDICTION

This case is brought pursuant to 42 U.S.C Section 1983 because Plaintiffs Constitutional Rights were violated by an individual(s) acting under color of State Law. Jurisdiction is based upon 28 U.S.C sections 1331 and 1343(A)(3). The Court also has supplemental jurisdiction over State Law claims under 28 U.S.C Section 1367. Plaintiffs claims for Injunctive Relief are authorized by 28 U.S.C Section 2284 and 2283 and Rule 65 of the Federal Rules of Civil Procedure.

Page 1

II. Previous Lawsuits:
   Plaintiff:
   Robert E. Ivory a/k/a Deacon Shabazz Unique vs.
   Defendant:
   Sheriff John Whetsel, Captain Clifford Uranga, et al.
   Place: United States District Court for the
          Western District of Oklahoma
   Judge: Honorable Vicki Miles-LaGrange

   Appointed Counsel for Plaintiff: The Law Firm of
         Riggs, Abney, Neal, Turpen, Orbison and Lewis
   Attorney: Robert Nance

   Disposition: Settlement - $7,500.00 cash

   Settlement Judge: Honorable Judge Doyle Argo
         via Teleconference

   Date filed: On or about 5/1/00 or 6/1/00

   Case and Docket No#: Unkwn.

   Plaintiff Attorney Address:
   Riggs, Abney, Neal, Turpen, Orbison, and Lewis
   The Paragon Building Suite# 101
   5801 Broadway Extension
   Oklahoma City, Okla. 73118
   Phone Number#: (405) 843-9909

   Federal Law Violations: 8th and 14th
   Ammendment Constitutional Violations

3. Name of judge to whom case was assigned __NONE__

4. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
   __NONE__

5. Approximate date of filing lawsuit __NONE__

6. Approximate date of disposition __NONE__

B. Prior disciplinary proceedings which deal with the same facts involved in this action:

Where? __SCI-FAYETTE 50 OVERLOOK DRIVE, LABELLE, PA. 15450-0999__
When? __8/01/08 @ APPROX. 2:40 pm (EST)__
Result: __FOUND: GUILTY BY HEARING EXAMINER OF D.O.C INFRACTION #16 "FIGHTING" AND GIVEN 90 DAYS DISCIPLINARY CUSTODY IN THE RESTRICTED HOUSING UNIT.__

III. What federal law do you claim was violated? __1ST AMMENDMENT, 8TH AMMENDMENT AND 14TH AMMENDMENT__ (SEE PAGE 3 Attached)

IV. Statement of Claim
(SEE PAGES 3, 4 Attached)
(State here as briefly as possible the facts of your case. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

A. Date of event: __7/26/08 APPROX. 8:40 p.m. EST__

B. Place of event: __SCI-FAYETTE / D-BLOCK B-POD CELL # 1031__

C. Persons involved—name each person and tell what that person did to you:

__SEE PAGES 4 thru 7 Attached__

## III. FEDERAL LAW VIOLATIONS

1. Unit Manager Tammy Cesarino-Martin, Sgt. Schaffer, and C.O. Ryan violated Plaintiff's 8th Ammendment Rights and 14th Ammendment rights by refusing to move Plaintiff from a cell after he complained of harassment, abuse, and threats. Plaintiff was subsequently stabbed numerous times by his cellmate, Russell Nance. Defendants acted under color of state law and their actions constituted "deliberate indifference and callous disregard" for Plaintiff's safety and well-being, by subjecting him to "cruel and unusual punishments" and depriving him of "Due process and equal protection of the laws."

2. Unit Manager Tammy Cesarino-Martin, Sgt. Schaffer, and C.O. Ryan violated Plaintiff's 8th Ammendment Constitutional rights by refusing to remove the Plaintiff from a cell after he complained of his cellmate, Russell Nance, "chain-smoking" in the cell; subjecting Plaintiff to toxic, deadly, smoke. Defendants acted under color of state law and their actions constituted "deliberate indifference and callous disregard" for Plaintiff's health and safety, subjecting him to "cruel and unusual punishments."

3. Unit Manager Tammy Cesarino-Martin violated Plaintiff's 8th Ammendment rights by refusing to move Plaintiff after he was sexually harassed, and propositioned, and threatened homosexually by Russell Nance; despite Plaintiff's complaints to the Defendant. Defendant acted under color of state law and subjected Plaintiff to "cruel and unusual punishments."

# FEDERAL LAW VIOLATIONS (cont'd)

## III.

4. Unit Manager Tammy Cesarino-Martin violated Plaintiffs 1st Ammendment Constitutional Rights when she gave Plaintiff an order <u>not to speak</u> to the Unit Counselor regarding his requests for a "cell change". Defendant acted under the color of State Law and violated Plaintiffs right to "Free Speech".

5. Unit Manager Tammy Cesarino-Martin violated Plaintiffs 14th Ammendment Constitutional Rights when she ordered Plaintiff <u>not</u> to submit a PA. Dept. of Corrections form DC-135-A "<u>Inmate Request-to-Staff</u>" or a DC-804 "Official Inmate Grievance" under threat of expulsion from the "Honor" Unit and a DC-141 "<u>Inmate Misconduct</u>". Defendant acted under color of State Law and denied Plaintiff's right to "Petition the Government for a Redress of Grievances" and "Equal Protection of the Law".

Page 3 (Continued)

## IV. STATEMENT OF CLAIM:
## Part C

1  On or about July 10, 2008 Plaintiff was moved to D-Unit B-pod, an "Honor" Block at SCI-Fayette. Upon moving to cell # D-B-1031 and viewing it's deplorable conditions, Plaintiff requested a "cell-change" from Unit Manager Tammy Cesarino-Martin.

2  Initially, the Unit Manager complied, allowing Plaintiff to move his belongings to a different cell. However, in the midst of relocating to the alternate cell, that cell's lone occupant returned to the Unit and voiced his discontent with the move. Moments later Plaintiff was told by the Unit Manager to return to the original cell.

3  On, or about, July 14th, 2008 Plaintiff spoke with the Unit Manager in the Unit yard, again, about a "change of cell". Plaintiff stated at that time, in unequivocal terms, that his cellmate, Russell Nance, was: rude, antagonistic, hostile, left feces and urine in and on the toilet and surrounding area, harassed Plaintiff, "chain-smoked" in the cell (note: SCI-Fayette is a "non-smoking" facility and Plaintiff is a "non-smoker") had made threats to Plaintiff of a sexual and physically violent nature, and threatened to "F_ck up" Plaintiffs Parole (note: Plaintiff's minimum parole date is June 30, 2009; his cellmate is a "Life-Sentenced" inmate). The Unit Manager adamantly refused to move Plaintiff or take action in any way, shape, or form.

PAGE 4

4. Plaintiff informed the Unit Manager he would submit a DC-135-A "Inmate Request to Staff" form and formally request a "Cell Change," and/or speak to the Unit Counselor. The Unit Manager responded by saying "Do NOT speak to the Counselor! And do NOT write us Requests! I'm NOT moving you!!" Plaintiff then stated he would submit a DC-804 "Official Inmate Grievance" form, to which the Unit Manager replied "If you file a 'Grievance' Ivory?! You are OFF this block!!"

5. On or about July 17th, 2008, Plaintiff pushed his emergency "call-button" and requested to see the Unit Manager about his "cell situation." Several cells had become available on the D-A-pod and a few on D-B. And Plaintiff was desperate to leave #1031. Plaintiff was called, moments later, there to the Dayroom area's "officer's podium." In attendance was the Unit Manager (Tammy Cesarino-Martin) the Unit Sgt. (Schaffer), and the Unit Correctional Officer (Ryan). Plaintiff proceeded, with specificity, to detail the problems in the cell and his apprehensions about him remaining therein, to wit: the cellmates' "chain-smoking," threatening Plaintiff, being nude in the cell, openly masturbating, unsolicited homosexual advances, extreme body odors (note: cellmate weighed approximately 340 pounds), loud snoring, flatulence, food and cigarette debris, refusing to clean the cell, and utilizing the toilet facilities without obscuring himself.

6. The Unit Manager, Sgt., and Officer refused to move Plaintiff or acknowledge his pleas. (cont'd)

6 (cont'd) She attempted to berate Plaintiff with a litany of baseless accusations, saying "I heard you like to talk back to staff" and "I hear you're a bully". When Plaintiff inquired to what she attributed these claims to, because his conduct on the Unit was so exemplary, she became rude and dismissive. Plaintiff requested to move to #1013 which would be empty in 24 hours. The Unit Manager and Sgt. refused.

7. On or about July 23rd, 2008 Plaintiff's cellmate issued an ultimatum that Plaintiff get "out of this cell by the weekend mutha-cka, or your ass is mine!!". Plaintiff spoke to a Lieutenant at the evening meal movement, who advised he should write a Request to Staff to the Unit Manager detailing the threat. Plaintiff subsequently wrote the Request to the Unit Manager detailing the threat, made a copy, and submitted it to the "In-House" mailbox on the Unit at 8:15 A.M on July 24th, 2008. Plaintiff also spoke to other C.O.'s and C.O. Ryan about the threat.

8. On July 26th at approximately 8:50 p.m. (est) Plaintiff was the victim of an unprovoked attack by his cellmate, Russell Nance, who stabbed Plaintiff numerous times. Plaintiff recieved numerous puncture wounds, cuts, lacerations, contusions, and abrasions attempting to defend himself from his cellmate, who had a weapon. Plaintiff was then removed from the cell.
(cont'd)

PAGE 6

8 (cont'd) Plaintiff's cellmate was restrained and handcuffed after attempting to further assault Plaintiff in clear view of Correctional Officers. Plaintiff was then handcuffed and escorted to the Medical Dept. Once there, his wounds were photographed, he recieved treatment from "Nurse Norma" and medical staff, was interviewed by them, then he was escorted to the Restricted Housing Unit (J-Block) and put into Solitary Confinement. Plaintiff was issued a "Misconduct" DC-141 for "Fighting" #16.

9 Plaintiff spoke to C.O. Ryan in the RHU (on J-Unit A-pod) on September 11th, 2008. C.O. Ryan Admitted at that conversation that the Plaintiff had raised the issue of threats, "Hostility and Antagonism" during the A-B podium meeting on July 17th, 2008. C.O. Ryan went on to say he didn't agree with the Unit Manager's assesment that Plaintiff's conduct was "poor" on the unit (after Plaintiff read him her Grievance Response). C.O. Ryan said "She had a 'hard-on' for you Ivory, I don't know why." Plaintiff questioned why C.O. Ryan allowed his cellmate to smoke in the cell, and C.O. Ryan was Non-Responsive.

_____
_____
_____
_____

V. Did the incident of which you complain occur in an institution or place of custody in this District? If so, where? STATE CORRECTIONAL INSTITUTION - FAYETTE 50 OVERLOOK DRIVE, LABELLE, PA. 15450-0999
and answer the following questions:

A. Is there a prisoner grievance procedure in this institution?
Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓) No ( )   (COPIES AVAILABLE)

C. If your answer is YES,

1. What steps did you take? Filed GRIEVANCE: 7/28/08 APPEALED to Supt.: 8/20/08 APPEALED to Chief of GRIEVANCES: 9/5/08

2. What was the result? GRIEVANCE: DENIED - All PROCEDURES EXHAUSTED 9/25/08 (COPIES AVAILABLE)

D. If your answer is NO, explain why not: _____
_____

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?
Yes ( ) No ( )

F. If your answer is YES,

1. What steps did you take? _____
_____

2. What was the result? _____
_____

VI. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues. $225,000.00 DAMAGES (AWARD $75,000.00 PER Defendant) IN Punitive And Compensatory damages; ORDER immediate transfer; RESTORE STATUS And custody level (prior to incident) I REQUEST A TRIAL BY JURY.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

11 / 10 / 08
(Date)                                    (Signature of Plaintiff)